**UNITED STATES, Appellee,**

v.

**Marcel H. POMERLEAU,
Defendant, Appellant.**

**No. 90–1383.**

United States Court of Appeals,
First Circuit.

Heard Oct. 3, 1990.

Decided Jan. 10, 1991.

Martha S. Temple, by appointment of the Court, with whom Gilbert and Heitmann, Bangor, Me., was on brief for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and William H. Browder, Jr., Asst. U.S. Atty., Portland, Me., were on brief for appellee.

Before SELYA, Circuit Judge,
BOWNES, Senior Circuit Judge, and
ATKINS,* Senior District Judge.

ATKINS, Senior District Judge.

Marcel Pomerleau appeals his sentence of sixty months imprisonment imposed by the district court following his plea of guilty on charges of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(1)(A). After determining the base level of the offense, the district court made a downward adjustment for Pomerleau's acceptance of responsibility and his minor participation.

---

2. 29 U.S.C. § 654(a) (1988); 29 C.F.R. §§ 1918.2, 1918.92 (1990); *see also* the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 941(a) (1988).

* Of the Southern District of Florida, sitting by designation.

Finally, the court departed downward from the guidelines. Pomerleau asserts that the extent of the downward departure was too stingy given his minimal participation in the offense. He also asserts error in the district court's denial of his request for probation. Because we have no jurisdiction to review this appeal, which is grounded on the extent of a downward departure from the guidelines, we must affirm.

## BACKGROUND

Pursuant to a plea agreement with the government, Pomerleau plead guilty to the above charges as recited in Count I of the Indictment. In exchange for his plea of guilty, the government agreed to dismiss Count II of the indictment.

Prior to the sentence hearing, the government filed a motion under 18 U.S.C. § 3553 and Sentencing Guideline 5K1.1 to depart below the sentencing guidelines. Pomerleau filed a sentencing memorandum requesting that the court find him to be a minimal participant and reduce his base offense level by four levels in addition to giving him a reduction for his acceptance of responsibility.

According to the Probation Sentencing Report (PSR), the applicable base offense level was thirty-two. The PSR recommended a downward adjustment for Pomerleau's acceptance of responsibility, but did not make a recommendation on Pomerleau's role in the offense. Pomerleau's lack of any prior conviction gave him a criminal history category of I. The PSR recommended that since the conviction was a class B Felony, Pomerleau was ineligible for probation by virtue of 18 U.S.C. § 3561(a)(1) and the Sentencing Guidelines § 5B1.1(b)(1). The statutory minimum sentence for this offense was ten years.

Pomerleau filed objections to the PSR. None of the objections was aimed at the PSR's recommendation that Pomerleau was not eligible for probation. Maintaining that he was the least culpable of any participant, Pomerleau took the position that he was entitled to a four-level downward adjustment as a minimal participant.

At the sentencing hearing, the government recommended that Pomerleau receive a sentence of five years in prison, or one-half the statutory minimum. The court determined the statutory minimum sentence to be ten years, and found the base level offense to be thirty-two. The court took the position that any conflict between the guideline range of sentences and the statutory minimum must be resolved in favor of the statute. After adjustments for Pomerleau's acceptance of responsibility and his role as a minor participant, a guideline range of seventy-eight to ninety-seven months resulted.

Declining to find Pomerleau a minimal participant and concluding that he was not eligible for probation, the court followed the government's request to depart below the statutory minimum and sentenced Pomerleau to imprisonment for sixty months. Pomerleau was also ordered to pay a fine of $10,000, to serve a five-year term of supervised release, and to pay an assessment of $50.

## DISCUSSION

The law in this circuit is crystal clear; this court has held "squarely and recently, that a sentencing court's decision *not* to depart from the guidelines is unappealable." *United States v. Pighetti*, 898 F.2d 3, 4 (1st Cir.1990) (emphasis in original) (citations omitted). "[A]bsent extraordinary circumstances, a criminal defendant cannot ground an appeal on the district court's discretionary decision not to undertake a downward departure from the sentencing range indicated by the guidelines." *United States v. Ocasio*, 914 F.2d 330, 333 (1st Cir.1990) (quoting *United States v. Ruiz*, 905 F.2d 499, 508–09 (1st Cir.1990)). By the same token, we have heretofore ruled, and today reaffirm, that "we have no jurisdiction to review the *extent* of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity." *Pighetti*, 898 F.2d at 4 (emphasis added; footnote omitted). There are no such extraordinary circumstances present in this

case causing this court to review the sentence imposed.

Pomerleau was the beneficiary of a generous departure and he cannot now complain that the downward departure should have been greater. For the sake of argument, we note that the sentence imposed of sixty months was less than it would have been had the adjustment for minimal participation been made. If Pomerleau had been given the four-level reduction for minimal role status, as he argues, rather than a two-level reduction for minor participation, as he received, the adjusted offense level would have been twenty-six, which carries a sentence range from sixty-three to seventy-eight months. The sentence imposed was sixty months, which is three months less than the lowest sentence Pomerleau would have received had the court given him the minimal role status.

Having no jurisdiction to review Pomerleau's contentions as to his sentence, we need go no further. Therefore, we do not reach the issue of probation.[1] The bottom line is that Pomerleau is challenging the extent to which he was the beneficiary of a generous departure. There are no extraordinary circumstances present in this case which would allow us to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's munificence. We lack appellate jurisdiction.

*Appeal dismissed.*

---

**1.** The district court did indeed recognize that it could impose a sentence of probation but declined to do so because of the nature of the offense. (Tr. 19, 23, 24, 42, 48).