974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Toney Alexander CHARLES, Defendant-Appellant.
 No. 91-5896.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1992
Decided: August 31, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-89-269-G)
 Lawrence Jay Fine, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Kathleen O'Connell, Third Year Law Student, Greensboro, North Carolina, for Appellees.
 M.D.N.C.
 Affirmed.
 Before HALL, SPROUSE, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Toney Charles pled guilty to conspiracy to distribute crack cocaine (21 U.S.C. § 846 (1988)) and was sentenced to the mandatory minimum sentence of ten years. On his earlier appeal, we vacated the sentence and remanded the case for a determination of whether the government had breached the plea agreement by failing to move for a downward departure for substantial assistance pursuant to United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1990). United States v. Charles, No. 90-5509 (4th Cir. Aug. 16, 1991) (unpublished).
 
 
 2
 A second sentencing hearing was held in the district court at which the court heard evidence from Charles concerning his cooperation. At the court's suggestion, the government moved for a departure under guideline section 5K1.1 but recommended that no departure be made because Charles had been untruthful in concealing the involvement of his girlfriend, Rebecca Stubblefield. The district court ultimately found that Charles had provided some substantial assistance and departed below the guideline range and the mandatory minimum sentence, imposing a sentence of 110 months.
 
 
 3
 Charles appeals this sentence. He contends that in recommending no departure the government breached the plea agreement and that he was thereby denied due process and a fair hearing. Underlying these claims is Charles's discontent with the extent of the district court's departure. He maintains that he was denied "appropriate credit" for his cooperation because the government failed to argue for a greater departure. However, 18 U.S.C. § 3742 does not provide for an appeal by a defendant of a sentence where the sentencing court has departed below the guideline range, and the extent of a departure is not appealable. See United States v. Sharp, 931 F.2d 1310 (8th Cir. 1991); United States v. Pomerleau, 923 F.2d 5 (1st Cir. 1991); United States v. Weaver, 920 F.2d 1570, 1577 (11th Cir. 1991); United States v. Vizcarra-Angulo, 904 F.2d 22 (9th Cir. 1990).
 
 
 4
 Moreover, we find that Charles received a fair hearing in which the assistance he provided and its value to the government was fully explored. Nor was he denied due process. The plea agreement provided that "the United States of America will file pleadings pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines to reflect the defendant's substantial cooperation." Although the government strenuously contended that Charles did not provide substantial assistance, it allowed the court to find otherwise by filing the motion and permitting the court to weigh the value of assistance provided. After a full hearing the court concluded, "while I find he is due some credit for the early intelligence, I find that the credit is not a substantial credit that he should receive." The court then departed downward by reducing the otherwise mandatory sentence by 10 months. Under these circumstances, we find that Charles received what he bargained for in the plea agreement.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED