974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anabal DUARTE, a/k/a Cookie, Defendant-Appellant.
 No. 91-7364.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: September 2, 1992
 
 Richard N. Shapiro, SYKES, CARNES, BOURDON, AHERN & SHAPIRO, P.C., Virginia Beach, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Anibal Duarte pled guilty to possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. § 841 (1988)) and was sentenced to 142 months imprisonment; the guideline range was 121-151 months. After he was sentenced, the government filed a motion pursuant to Fed. R. Crim. P. 35(b) requesting a reduction in his sentence to reflect his cooperation, which led to the arrest and assisted in the conviction of several codefendants. The district court reduced Duarte's sentence to 121 months. Because 121 months was the low end of the original guideline range, the reduction did not involve a departure from the original guideline range.
 
 
 2
 In this appeal, Duarte contends that the district court abused its discretion by failing to state its reason for the extent of the reduction, and in failing to request a specific recommendation from the government as to how much to reduce the sentence. He seeks a remand and a different judge on remand.
 
 
 3
 Under 18 U.S.C. § 3742 (1988 & Supp. II), a defendant may appeal a sentence imposed in violation of law, a sentence imposed as an incorrect application of the guidelines, a sentence which is greater than the guideline sentence, or a sentence which is unreasonable when there is no applicable guideline. None of these circumstances are present in this case. Although he maintains that the district court abused its discretion and failed to comply with the guidelines, Duarte's underlying complaint is that the district court did not reduce his sentence enough. Disagreement with a failure to depart from a properly computed guideline range, or with the extent of a downward departure, is not a ground on which a defendant may appeal his sentence. See United States v. Pomerleau, 923 F.2d 5 (1st Cir. 1991) (extent of departure); United States v. Bayerle, 898 F.2d 28 (4th Cir.) (failure to depart), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). This is true whether the departure is made at the sentencing hearing or later pursuant to a Rule 35(b) motion.
 
 
 4
 Because we lack jurisdiction to review the extent of the departure granted by the district court, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED