981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Michael FREY, Defendant-Appellant.
 No. 92-5137.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-91-119-R)
 Roland Walker, Walker & Van Bavel, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Jan Paul Miller, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Dismissed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Frey pled guilty to conspiracy to distribute and to possess cocaine with intent to distribute (21 U.S.C.A. § 846 (West Supp. 1992)) and to distribution of cocaine to a minor (21 U.S.C.A. § 859 (West Supp. 1992)). He appeals the sentence he received on the ground that the district court should have departed further than the two levels recommended by the government in its substantial assistance motion.* We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Pursuant to his plea agreement, Frey cooperated fully with the government, both in providing information and in testifying against two co-defendants. At his sentencing hearing, the government explained what assistance Frey had provided and recommended a two-level downward departure. Defense counsel requested a further departure on four grounds: (1) the extent of Frey's cooperation, (2) his minimal criminal record, (3) his motivation for the offense (represented as simply a means of supplying his own addiction), and (4) his vulnerability in prison because he had testified against others. The district court considered the grounds raised and rejected each of them as a basis for a further departure.
 
 
 3
 In this appeal, Frey contends that the district court failed to make a sufficient departure, and suggests that the court may have believed it was limited by the government's recommendation. Our examination of the record discloses that the court was well aware of its authority to depart further for appropriate reasons, but determined there were none. When the sentencing court has departed in the defendant's favor, the statute does not provide for an appeal from the sentence. 18 U.S.C.A. § 3742 (West 1985 & Supp. 1992). The extent of a departure below the guideline range for substantial assistance is also not appealable by the defendant. See United States v. Sharp, 931 F.2d 1310 (8th Cir. 1991); United States v. Pomerleau, 923 F.2d 5 (1st Cir. 1991); United States v. Weaver, 920 F.2d 1570, 1577 (11th Cir. 1991); United States v. Vizcarra-Angulo, 904 F.2d 22 (9th Cir. 1990). These decisions are consistent with our prior holding in United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).
 
 
 4
 We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1991)