991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene Earl BURNS, Defendant-Appellant.
 No. 92-5595.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-91-88-G)
 J. Matthew Martin, Kevin Bunn, Third-year Law Student, MARTIN & MARTIN, P.A., for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Gene Earl Burns appeals the sentence he received on his guilty plea to conspiracy to possess cocaine with intent to distribute (21 U.S.C.A. § 846 (West Supp. 1992)). He alleges that the district court failed to make necessary findings of fact, erred in attributing 15.801 kilograms of cocaine to him, and imposed a disproportionately heavy sentence. We affirm in part and dismiss in part.
 
 
 2
 The dispute at Burns's sentencing involved a sale of 745 grams of cocaine by Burns's source, Sam Manko, to two co-defendants, Glenn Marks and Brian Mills, who had been customers of Burns, and a negotiation for a future sale of ten kilograms to them which took place at the same meeting. The meeting was arranged specifically for Burns to introduce Marks and Mills to Manko so that they could deal drugs. The meeting was held in a motel room and Burns was present. Burns and Manko testified about the meeting at the trial of another co-defendant. Burns also testified that he accompanied Manko in a delivery of four kilograms of cocaine to Mills shortly afterward.
 
 
 3
 Burns argued at sentencing that it was not reasonably foreseeable to him that Manko, Marks, and Mills would continue to deal in drugs together. The district court found that it was reasonably foreseeable to him. We agree with that conclusion. However, the argument, which Burns makes again on appeal, is not even germane. Burns's offense level was calculated using only amounts of cocaine of which he had personal knowledge. He personally bought some of it, he helped deliver another four kilograms, and he was present when the disputed 745 grams were sold and the disputed ten-kilogram sale was negotiated. He presented no evidence at sentencing to support his argument that, although present, he was somehow unaware of the sale and negotiation. It was his burden to make such a showing. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). Because he did not, the disputed amounts were correctly considered relevant conduct. United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(1), comment. (n.1) (Nov. 1991).
 
 
 4
 Burns also contends that the district court should have departed downward further than it did, on the government's section 5K1.1 motion based on substantial assistance, to make his sentence no longer than the sentence of one of his co-defendants. He acknowledges that disparity is not a proper ground for departure. See United States v. Ellis, 975 F.2d 1061 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3584 (1993). Moreover, 18 U.S.C.A. § 3742 (West 1985 & Supp. 1992) does not provide for an appeal by a defendant of the extent of a departure in his favor. See United States v. Pomerleau, 923 F.2d 5 (1st Cir. 1991).
 
 
 5
 The judgment of the district court is therefore affirmed; to the extent Burns contests the extent of the departure, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART