8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alvin Bernard BLACKMON, Defendant-Appellant.
 No. 93-5186.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Terrence W. Boyle, District Judges. (CR-91-139-3-P)
 Rodney Shelton Toth, Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 DISMISSED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Bernard Blackmon appeals the sentence imposed on him following his guilty plea to conspiracy to possess with intent to deliver more than fifty grams of cocaine base and cocaine, 21 U.S.C.A. § 846 (West Supp. 1993). He asserts that the district court erred by considering an improper factor when deciding how far to depart for substantial assistance. United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1992). Because we lack jurisdiction to review the extent of a departure in the defendant's favor, we dismiss the appeal.
 
 
 2
 After his guilty plea, Blackmon cooperated with the government by providing information which earned him a government motion for a substantial assistance departure. However, while free on bond, he was arrested by state authorities outside a crack house and charged with felony possession of cocaine.* At his sentencing hearing, the district court asked Blackmon about the circumstances of the state arrest, but discredited Blackmon's exculpatory explanation that he just happened to be in the wrong place at the wrong time. The court then decided to make a smaller departure than it had originally intended.
 
 
 3
 Blackmon contends that the district court erred in considering his failure to accept responsibility for his post-plea conduct. His argument is misplaced in two ways. First, he received an adjustment for acceptance of responsibility for the offense of which he was convicted. Second, 18 U.S.C.A. § 3742 (West Supp. 1993), does not provide for an appeal by a defendant of a departure below the guideline range. Therefore, we are unable to review the extent of a departure for substantial assistance. See, e.g., United States v. Sharp, 931 F.2d 1310 (8th Cir. 1991); United States v. Pomerleau, 923 F.2d 5 (1st Cir. 1991); United States v. Vizcarra-Angulo, 904 F.2d 22 (9th Cir. 1990); United States v. Erves, 880 F.2d 376, 381-82 (11th Cir.), cert. denied, 493 U.S. 968 (1989).
 
 
 4
 The appeal is therefore dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 The state charges were dismissed after Blackmon was sentenced in federal court