USCA1 Opinion

 

 December 13, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1652 UNITED STATES, Appellee, v. LUIS RODRIGUEZ-PAULINO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges.  ______________ ____________________ Benito I. Rodriguez Masso on brief for appellant. _________________________ Guillermo Gil, United States Attorney, and Warren Vazquez, ______________ ________________ Assistant United States Attorney, On Motion Requesting Summary Disposition and Memorandum Of Law for appellee. ____________________ ____________________  Per Curiam. Appellant, Luis Rodriguez Paulino, ___________ objects to his sentence on the ground of the court's erroneous perception that, in sentencing appellant below the guideline sentencing range, it lacked authority to impose a sentence lower than the sentences imposed on his codefendants.1 Appellant has only a "very narrow right to appeal." United States v. Soltero-Lopez, 11 F.3d 18, 19 ______________ _____________ (1st Cir. 1993). This court has ruled on several occasions that "we have no jurisdiction to review the extent of a ______ downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity." United States v. Pighetti, 898 F.2d 3, 4 (1st ______________ ________ Cir. 1990); United States v. Pomerleau, 923 F.2d 5, 6 (1st _____________ _________ Cir. 1991). "The ban on review is not absolute," however. Soltero- ________ Lopez, 11 F.2d at 20. This court has indicated its _____ willingness to review cases where a defendant alleges that the court mistakenly believed it lacked legal authority to depart, United States v. Rivera, 994 F.2d 942, 953 (1st Cir. _____________ ______ 1993), or that the court's departure decision exhibited a "fundamental misunderstanding" about how the guidelines work,  ____________________ 1. Appellant also contends that the sentence imposed is inconsistent with the court's findings regarding his diminished life expectancy and that home confinement would have been a suitable alternative to imprisonment. We have no jurisdiction to review those claims. see Soltero-Lopez, supra, or in other "extraordinary ___ _____________ _____ circumstances." See Pomerleau, 923 F.2d at 6.  ___ _________ Here, appellant has arguably alleged that the district court believed that, in determining the extent of its departure, it lacked power to impose a sentence below his codefendants' sentences. This court therefore has jurisdiction to review the sentence for evidence of such a misunderstanding of the guidelines. The record, however, does not reveal that the district court suffered from such a misunderstanding. The district court's statements at sentencing and its Sentencing Findings do not indicate that it believed it lacked the legal authority to impose a sentence below the codefendants' sentences. They merely indicate that the district court considered codefendants' sentences to be one relevant factor in arriving at a fair sentence below the guideline sentencing range. This is well within the court's broad discretion. See Pighetti, 898 F.2d ___ ________ at 4 (noting that the extent of a departure is "essentially discretionary"). As in Soltero-Lopez, supra, the record in _____________ _____ this case provides scant support for appellant's allegation that the district court misunderstood the guidelines. We have held that "a perceived need to equalize sentencing outcomes for similarly situated codefendants, without more, will not permit a departure from a properly calculated guideline sentencing range." United States v. ______________ -3- Wogan, 938 F.2d 1446 (1st Cir. 1991); see also United States _____ ___ ____ _____________ v. Carr, 932 F.2d 67, 73 (1st Cir. 1991). That rule, ____ however, does not extend to prohibit a sentencing court from considering codefendants' sentences as one factor in determining the extent of a departure. The sentence is summarily affirmed pursuant to Loc. R. ________ 27.1. -4-