**UNITED STATES, Appellee,**

v.

**Luis SOLTERO–LOPEZ, Appellant.**

**No. 93–1170.**

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1993.

Decided Dec. 13, 1993.

---

Frank Catala Morales, Bayamon, PR, for appellant.

Epifanio Morales, Asst. U.S. Atty., with whom Guillermo Gil, U.S. Atty., Jose A. Quiles Espinosa, Sr. Litigation Counsel, Crim. Div., and Jeanette Mercado Rios, Asst. U.S. Atty., Hato Rey, PR, were on brief, for appellee.

Before BREYER, Chief Judge, TORRUELLA and BOUDIN, Circuit Judges.

STEPHEN G. BREYER, Chief Judge.

Appellant Luis Soltero pled guilty to importing cocaine (and related charges) under circumstances for which the Sentencing Guidelines set forth a sentencing range of approximately 20 to 25 years in prison. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 952, 960, 963; U.S.S.G. § 2D1.1(c) (base offense level of 38); U.S.S.G. § 3B1.1(c) (two level increase for supervisory role in the crime); U.S.S.G. 3E1.1(a) (two level reduction for acceptance of responsibility); U.S.S.G. Ch. 5, Pt. A (sentencing table). In light of Soltero's cooperation with the government, the district court departed downward from the bottom of the range and sentenced Soltero, instead, to a prison term of 17 years. Soltero appeals, arguing that the district court should have departed downward by more than just three years.

Soltero, however, cannot avoid the legal fact that the sentencing statutes (insofar as here relevant) provide him with only a very narrow right to appeal. Although they permit an appellate court to set aside a departure that is "unreasonable," *see* 18 U.S.C. § 3742(f)(2), they give the court this power in the context of other provisions that permit defendants to appeal only upward, and the government to appeal only downward, departures. To be specific, the relevant provision permits the defendant to appeal the reasonableness of a sentence that "is greater than the sentence specified in the applicable guideline range...." *Id.* § 3742(a)(3). Here, Soltero's sentence is *less* than the "sentence specified" in the guidelines, not "greater."

■ Soltero tries to avoid this problem by pointing out that the relevant statute also permits a defendant to appeal a sentence that "was imposed as a result of an incorrect application of the sentencing guidelines." *Id.* § 3742(a)(2). We have specifically held, however, that this provision ordinarily does not give a defendant the right to appeal from a court's *refusal* to depart from the guidelines. *United States v. Tucker*, 892 F.2d 8, 10–11 (1st Cir.1989). *See also United States v. Romolo*, 937 F.2d 20, 22 (1st Cir.1991) (citing cases). Nor does it apply where a court does depart in the defendant's favor, but does not depart enough to satisfy the defendant. *United States v. Pighetti*, 898 F.2d 3, 4 (1st Cir.1990).

We use the word "ordinarily" because the ban on review is not absolute. Rather, we have found an "incorrect application of the sentencing guidelines" where a sentencing court has misunderstood how the guidelines—including the statutes and guidelines governing departure—are supposed to work. Thus, we have reviewed cases where a defendant alleges that the district court erroneously believed it lacked the legal *power* to depart in the circumstances. *See, e.g., United States v. Rivera*, 994 F.2d 942, 953 (1st Cir. 1993) (remanding case for resentencing); *United States v. Amparo*, 961 F.2d 288, 292 (1st Cir.) (citing cases), *cert. denied,* —— U.S. ——, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992). And we are willing to assume that we could also review, and correct, a departure decision that reflected some other kind of fundamental misunderstanding. *See United States v. Mariano*, 983 F.2d 1150, 1157 (1st Cir.1993) (noting that a sentencing court may not rely on constitutionally proscribed factors in deciding to forgo or curtail a downward departure for substantial assistance).

■ That assumption, however, does not help Soltero, for the record makes clear that the district court did not misunderstand the guidelines. Soltero says that the court would have departed by more than three years had it not tried to create a kind of sentencing parity among him and his co-defendants—an equalization effort that we have previously held cannot provide a basis for departure. *United States v. Wogan*, 938 F.2d 1446,

1448–49 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); *United States v. Carr*, 932 F.2d 67, 73 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991). But that is not what the district court said it was doing.

Rather, the sentencing judge said the following:

> I am well aware of the cooperation of the defendant. But that is one factor the Court must take into account. I must view the whole case, the overall cooperation and the participation of the defendant too. And also view him in respect to other defendants because there are other defendants here who did go to trial, who did put the government through its burden of proof. Yes, they have a right to do that. But their participation in the offense, a person like Julio Luciano Mosquera, is minimal compared to this defendant.
>
> And that person [Mosquera] because of the severity of the punishment of these counts will spend a very long stretch. And he is a person that came into the scene just hours, hours before the arrest. So this [Soltero] is a key participant. This is not somebody who came in at the last moment. I have to give perspective to the whole case because otherwise, we will be doing with the Sentencing Guidelines precisely are supposed [sic] to prevent. The unfairness, lack of uniformity and more sorrow. So I have taken into account his [Soltero's] cooperation. But that's as far as it will take him because his cooperation cannot be seen isolated from his role in the offense. Which was mayor [sic] in this case. He was a key figure in the whole conspiracy. Reconsideration is denied.

Nothing in this statement suggests an explicit effort to "equalize" sentences as among defendants. The judge simply spoke of the defendant's cooperation and the fact that (when viewed in light of his co-conspirators' conduct) his role in the offense was "key" and supervisory. To take account of a cooperating offender's conduct, including his role in the offense, when deciding the extent of a downward departure seems to us perfectly reasonable. *See Mariano*, 983 F.2d at 1156–57. Soltero makes no convincing argument

that such a consideration somehow reflects a basic misunderstanding of the guidelines.

For these reasons, the judgment of the district court is

*Affirmed.*