**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Matthew YATES,**
**Defendant–Appellant.**

No. 92–2135.

United States Court of Appeals,
Tenth Circuit.

April 19, 1994.

Robert Gorence, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., and Mary L. Higgins, Asst. U.S. Atty., on the brief), Albuquerque, NM, for plaintiff-appellee.

Benjamin A. Gonzales, Albuquerque, NM, for defendant-appellant.

Before SEYMOUR, Chief Judge, LOGAN and GARTH,* Circuit Judges.

GARTH, Circuit Judge.

Appellant Charles Matthew Yates pleaded guilty to abusive sexual contact with a child under the age of 12 years on an Indian reservation, in violation of 18 U.S.C. §§ 1153 [offense committed within Indian country], 2244(a)(1) [abusive sexual contact], and 2245(3) [defining "sexual contact"]. At the sentencing hearing, the district court judge calculated Yates' base level at 20 under the United States Sentencing Commission Guidelines ("Guidelines"); denied a two-level reduction for acceptance of responsibility; departed upward from criminal history level III to level VI; and imposed a sentence of 87 months imprisonment with three years supervision after release from confinement. Yates appeals, alleging error in each of these sentencing decisions. He also contends that he was denied effective assistance of counsel at sentencing.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(d). While we will dismiss Yates' ineffective assistance of counsel claim without prejudice, we will reverse and remand for resentencing by the district court consistent with this opinion.

I.

On April 30, 1991, Yates invited a group of men to drink at his house in Indian territory in Nambe Pueblo, New Mexico. One of the men brought with him his two young daughters, ages five and four. After the girls'

* The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

father passed out in the living room of Yates' house early on the morning of May 1st, Yates brought the five-year-old girl to a bedroom, where he had sexual contact with her. The incident was reported to Nambe Pueblo police later that day. A medical examination of the girl indicated that attempted penetration of her vagina had occurred, and that she had sustained minor cuts to her gums and her mouth, corroborating the girl's statement that her mouth had been held shut during the sexual attack.

Yates was arrested several days later and subsequently was indicted for knowingly engaging in a sexual act with another person under the age of 12 within Indian country, in violation of 18 U.S.C. §§ 1153, 2241(c) and 2245(2)(A). Yates was released on a recognizance bond and was then arrested once again. This latter arrest was the result of New Mexico state charges brought against Yates for kidnapping and sexual offenses allegedly committed by Yates in February 1992, some months after he had committed the offense at issue here. A revocation hearing was scheduled to determine whether Yates' release in the 1991 case should be revoked because of the New Mexico charges. However, the hearing was not held because, on March 4, 1992, Yates pleaded guilty to an information charging the lesser offense of

abusive sexual contact with the five-year-old child in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2245(3).[1] In exchange for the guilty plea, the Government dismissed the indictment and agreed not to prosecute Yates for his alleged sexual assault of another adult woman (unnamed in this record) on May 1, 1991—the same day that he sexually assaulted the five-year-old girl.

The presentence report indicates that Yates had a long history of alcohol-related and other criminal offenses, including several arrests for sexual assaults that either were never prosecuted or that were adjudicated in tribal court. With regard to the instant offense, the presentence report calculated a criminal history level of III based on Yates' three previous misdemeanor convictions for driving while intoxicated and on the fact that Yates committed the present offense while on probation for one of those misdemeanors. The presentence report calculated the base offense level at 16 because Yates' offense was committed with force and, therefore, was "committed by the means set forth in 18 U.S.C. § 2241(a) [aggravated sexual assault by force or threat]." See 18 U.S.C. § 2241(a); U.S.S.G. § 2A3.4(a)(1).[2] An additional four-level upward adjustment was added in the presentence report based on the age of the victim (less than twelve years old),

---

**1.** 18 U.S.C. § 1153 provides in relevant part:

> (a) Any Indian who commits against the person or property of another Indian or other person any of [certain enumerated offenses] ... within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

That statute is applicable because Yates pleaded guilty to abusive sexual contact with the five-year-old girl, within Indian territory, pursuant to 18 U.S.C. § 2244(a)(1). § 2244(a)(1) in relevant part provides:

> **Sexual conduct in circumstances where sexual acts are punished by this chapter.**—Whoever, in the special maritime and territorial jurisdiction of the United States ... knowingly engages in or causes sexual contact with or by another persons, if so to do would violate—
> (1) section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both.

"Sexual contact" is defined in 18 U.S.C. § 2245(3) as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

**2.** The relevant Guideline, U.S.S.G. § 2A3.4(a)(1), sets forth the appropriate base offense level as follows:

> **§ 2A3.4. Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact**
> (a) Base Offense Level:
> (1) **16**, if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b);

One of the "means set forth in 18 U.S.C. § 2241(a)" is "knowingly caus[ing] another person to engage in a sexual act ... by using force against that other person." § 2241(a)(1). Yates pleaded guilty to abusive sexual contact pursuant to 18 U.S.C. § 2244(a)(1), which makes it a crime for a person knowingly to engage in sexual contact with another person if to do so would violate "[18 U.S.C. §] 2241 of this title had the sexual contact been a sexual act...."

pursuant to U.S.S.G. §§ 2A3.4(b)(1).[3] With an adjusted offense level of 20 and a criminal history category of III, the Guidelines range was 41 to 51 months.

The presentence report recommended that Yates not receive a two-level decrease for acceptance of responsibility because he had not withdrawn voluntarily from criminal conduct. In support of this recommendation, the presentence report noted that Yates had been indicted by a New Mexico state grand jury for kidnapping and criminal sexual offenses committed in February 1992 while Yates was free on federal bond for the instant offense. In addition to the pending New Mexico state sexual charges, the presentence report also listed the contemporaneous adult sexual assault not prosecuted pursuant to the plea agreement and Yates' four prior arrests for sexual offenses as grounds for an upward departure from criminal history category III to VI, yielding a Guidelines range of 70 to 87 months.

At sentencing, the district court adopted the factual findings and Guidelines applications set forth in the presentence report. The court found by a preponderance of the evidence that force had been used against the five-year-old girl whose mouth suffered cuts from the assault, thereby justifying an adjusted offense level of 20. The court refused Yates' request for a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The court further found that an upward departure was justified because Yates' criminal history category significantly under-represented his actual criminal conduct. In departing upward,

the court took "judicial notice" of Yates' three prior convictions for driving under the influence of alcohol and his involvement in two tribal and two non-tribal arrests for sexual assault. Although two of these alleged prior criminal acts had not been prosecuted, the court found that they represented criminal behavior that had not been refuted by Yates. The court also found that Yates, while on personal recognizance bond for the instant offense, satisfied a U.S. magistrate that there was probable cause that Yates had violated conditions of his release by committing the February 1992 New Mexico state sexual offense. Based on these factors, the court departed upward from criminal history category III to criminal history category VI and imposed sentence at the top of the Guidelines range by sentencing Yates to prison for 87 months.

## II.

Yates assigns error to the district court's (1) computation of his base offense level [at 16 plus 4 or 20]; (2) its refusal to decrease his offense level by two [2] points for acceptance of responsibility; and (3) its upward departure decision which increased Yates' criminal history from level III to level VI. Yates also claims that he was denied the effective assistance of counsel, asserting that his counsel offered no evidence to refute the alleged sexual assaults recited in the presentence report.

We hold that all of Yates' arguments, other than his upward departure claim, to be without merit.[4] We have held

---

3. U.S.S.G. § 2A3.4(b)(1) provides for the following adjustment for this specific offense characteristic:

    (1) If the victim had not attained the age of twelve years, increase by **4** levels; but if the resulting offense level is less than **16**, increase to level **16**. * * *

4. We hold that the district court correctly applied the Guidelines in calculating Yates' base level at 16, increased to 20 because of Yates' use of force. *See* 18 U.S.C. § 2241(a); U.S.S.G. §§ 2A3.4(a)(1) and (b)(1). We also reject Yates' argument that the trial court's computation of his adjusted offense level at 20 was clearly erroneous because there was no evidence Yates used force against the five-year-old victim. In addition to the statement of the five-year-old girl, the

presentence report adopted by the district court contained information that a medical examination of the victim revealed minor cuts to her gums and mouth, thereby corroborating her statement. *United States v. Beaulieu*, 893 F.2d 1177, 1181 (10th Cir.) (district court may rely on any information so long as it has "sufficient indicia of reliability to warrant its use at sentencing"), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

We also find no merit to Yates' argument that the trial court's denial of a two-level reduction for acceptance of responsibility constitutes reversible error because it was premised on an erroneous finding that a federal magistrate had found "probable cause" to believe Yates committed the New Mexico State kidnapping and crimi-

that a claim of ineffective assistance of counsel which requires the development of a record, will not be heard on direct appeal, but must be brought in a collateral proceeding pursuant to 28 U.S.C. § 2255. *Beaulieu v. United States*, 930 F.2d 805, 808 (10th Cir. 1991). Accordingly, we will dismiss Yates' claim of ineffective assistance of counsel, but will do so without prejudice. We, therefore, limit our discussion to the district court's decision to increase Yates' criminal history category form level III to level VI.

## III.

### A.

Yates appeals the district court's departure upward from the Guidelines range, pursuant to 18 U.S.C. § 3742(a).[5] That section provides a right of appeal, *inter alia*, when the sentence is imposed as a result of an incorrect application of the sentencing guidelines, *id.* § 3742(a)(2), or when the sentence imposed is greater than that specified in the applicable guideline range, *id.* § 3742(a)(3).

Our disposition of the upward departure issue is governed by 18 U.S.C. § 3742(f).[6]

In reviewing upward departures, we are guided by the analytical framework established by the Supreme Court in *Williams v. United States*, —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). *Williams* requires us to determine, first, whether there was an incorrect application of the Guidelines under § 3742(f), and then, if indeed there was error, whether the sentence imposed was reasonable. Because the two-part *Williams* test is encapsulated in the three-step analysis we set forth in *United States v. White*, 893 F.2d 276, 277–78 (10th Cir.1990), we continue to engage in the three-step review pronounced in *White*. *United States v. Flinn*, 987 F.2d 1497 (10th Cir.1993).

Under *White*, we first review *de novo* whether the district court justified its decision to depart by citing appropriate circumstances. *United States v. Tisdale*, 7 F.3d 957, 962 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1201, 127 L.Ed.2d 549 (1994). The second step of the *White* analysis requires us to apply the clearly erroneous

---

nal sexual penetration crimes while free on recognizance in the instant case. Although the district court erred in finding that a U.S. magistrate had found probable cause, the presentence report adopted by the district court stated that Yates had been indicted by a New Mexico state grand jury on two counts of criminal sexual penetration and kidnapping, offenses which occurred while Yates was on bond for the sexual assault on the five-year-old girl. In light of the New Mexico state indictment, we conclude that the error was harmless. *See Id.; United States v. Byrd*, 898 F.2d 450, 453 (5th Cir.1990) (indictment provides probable cause); *see also United States v. Spedalieri*, 910 F.2d 707, 712 (10th Cir.1990) (holding that trial court's determination of whether defendant accepted responsibility should not be disturbed unless it is without foundation); U.S.S.G. § 3E1.1, Application Note 1(b) (in acceptance of responsibility decision sentencing court may consider whether defendant voluntarily withdrew from criminal conduct) and Application Note 3 (acceptance of responsibility otherwise indicated by entry of guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility").

5. 18 U.S.C. § 3742(a) in relevant part provides:

**Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range....

6. Section 3742(f) provides in pertinent part:

If the court of appeals determines that the sentence—

(1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

(2) is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

(A) if it determines that the sentence is too high and the appeal has been filed under section (a), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate; * * *

28 U.S.C. § 3742(f).

standard to determine whether the circumstances cited by the district court actually existed in the case before the court. Finally, we review the degree of the upward departure to determine if it was reasonable. *White*, 893 F.2d at 277–78.

### B.

■ A departure from the Guidelines range is appropriate only where the district court "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *Flinn*, 987 F.2d at 1500. Tribal court sentences not used in computing criminal history category may provide a valid basis for an upward departure to a higher criminal history category. U.S.S.G. § 4A1.3(a). So, too, district courts may consider "prior similar adult criminal conduct not resulting in a criminal conviction." *Id.* § 4A1.3(e). Subsequent criminal conduct involving the commission of similar offenses before sentencing also is a permissible basis for departing upwards in the criminal history category. *United States v. Fortenbury*, 917 F.2d 477, 479 (10th Cir.1990).

Here, the district court determined that Yates' criminal conduct was significantly under-represented by his criminal history score because Yates' prior similar misconduct and tribal offenses were not factored into his criminal history category. Criminal history categories are determined by the amount of criminal history points assigned to the defendant.[7] Criminal history level III, the level

calculated by the district court in the instant case before departing upward, requires the assignment of 4–6 criminal history points to a defendant. Yates' criminal history level III, before departure, was based on 5 criminal history points assigned to Yates' three previous misdemeanor convictions for driving while intoxicated, and to Yates' commission of the instant offense while on probation for one of these misdemeanors. *See* U.S.S.G. §§ 4A1.1(c) and (d).

The district court explained its upward departure, from criminal history level III to level VI, in the following manner:

> The Court finds the defendant's criminal conduct is significantly underrepresented by his criminal history score.

> The court takes judicial notice that the defendant has three prior convictions of driving under the influence of alcohol, and the defendant has been involved in several prior situations in which he sexually assaulted individuals. Two of these acts were dealt with—were dealt with in tribal court, and two were not prosecuted but do represent criminal behavior.

> While on personal recognizance bond for the instant offense, the U.S. Magistrate made a finding that there is a preponderance of the evidence that the defendant violated conditions of his release by committing new criminal behavior involving sexual assault. Based on these findings, the defendant's criminal history category will be more adequately related more similar to those individuals having a criminal history record of Six and an offense level

7. U.S.S.G. § 4A1.1 provides the following formula for determining a defendant's criminal history category:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. *Provided,* that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

of 20. Combined with a criminal history category of Six, his ultimate guideline imprisonment range is 70 to 87 months.

The Court takes judicial notice that the defendant's criminal conduct has been ongoing and has escalated in seriousness. It is also noted that the defendant has a history of emotional behavior and instability. The sentence imposed will reflect the sentencing goals of punishment, deterrence and the protection of the public and provide an opportunity for the defendant to receive treatment.

### 1.

■ Our *de novo* review under the first step of the *White* analysis convinces us that these circumstances, when supported by the record, are appropriate circumstances warranting an upward departure. Yates' prior involvement in sexual assault offenses, including tribal offenses and conduct not resulting in a conviction, clearly provided a legally sufficient basis for an upward departure under §§ 4A1.3(a) and (e). *United States v. Thornton*, 922 F.2d 1490, 1493 (10th Cir.1991). By the same token, Yates' alleged involvement in the pending New Mexico state sexual offense charges, while free on recognizance bond and before sentencing for the instant offense, was legally sufficient to justify an upward departure. *Fortenbury*, 917 F.2d at 479.

■ However, we agree with Yates' argument, conceded by the Government [Government Brief at 30], that the district court impermissibly relied on Yates' three previous convictions for driving while intoxicated.[8] These misdemeanor convictions could not be used as a ground for upward departure because they had already been factored into the

original criminal history category of III. The district court's reliance on this invalid factor nevertheless does not automatically require a remand under 18 U.S.C. § 3742(f)(1) in order to rectify an "incorrect application" of the Guidelines. *Williams*, — U.S. at ——, 112 S.Ct. at 1120.

### 2.

■ Discounting the invalid factor relied on by the district court, we find that more than sufficient evidence existed to support an upward departure by the district court, thereby satisfying the second prong of *White*. The presentence report adopted by the district court lists convictions in tribal court in 1988 and 1990 involving sexual offenses. The information supplied by the tribal court, as stated in the presentence report, was adequate to support the district court's finding, by a preponderance of the evidence, that Yates had in fact committed these offenses. U.S.S.G. § 4A1.3(a).

The pending New Mexico state indictment also provided a sufficient factual basis for the district court's finding that Yates had committed a sexual assault subsequent to the instant offense.[9] *See* Fed.R.Crim.P. 5(c); *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975); *see also United States v. Byrd*, 898 F.2d 450, 453 (5th Cir.1990) ("An indictment is a conclusive finding that there is probable cause to believe that the allegations in the indictment took place"). These factual findings of the district court reflecting an under-representation of Yates' criminal history category are not clearly erroneous.

The presentence report additionally lists two arrests, in 1984 and 1986, for sexual

---

8. Yates also contends that the district court relied, impermissibly, upon his history of emotional behavior and instability. That contention is without merit. The sentencing transcript raises little doubt that the court properly took note of Yates' history of emotional instability for the purpose of considering "the sentencing goals of punishment, deterrence and the protection of the public," while providing "an opportunity for the defendant to receive treatment." *See* 18 U.S.C. § 3553(a); *United States v. Kalady*, 941 F.2d 1090, 1099 (10th Cir.1991).

9. Yates' counsel conceded at oral argument that the district court had the "leeway" to rely on the New Mexico indictment as a factual basis, under the preponderance of the evidence standard, that Yates had committed similar criminal behavior while free on bond for the instant offense. Although the court erred in finding that a federal magistrate—prior to Yates' indictment on the state charges—had determined that Yates committed another criminal offense involving sexual assault, *see supra* note 4, we conclude that the district court's finding, albeit erroneous, was harmless.

offenses for which prosecution was declined. Presumably the district court was referring to these 1984 and 1986 arrests as the "two [that] were not prosecuted but do represent criminal behavior." At sentencing, Yates objected strongly to consideration of these two prior arrests, arguing that the Government declined prosecution in the 1984 case because of a lack of corroborative evidence, and that prosecution in the 1986 case also was declined because the victim could not be located. At the sentencing hearing, the Government itself conceded that it was "a little bit wary or leery" of asking the district court to focus on these prior sexual assault arrests for which prosecution was declined by the federal government and the state government.

▮ The Government now contends that the district court's finding that the 1984 and 1986 offenses were supported by a preponderance of the evidence was not clearly erroneous because Yates never came forward with any information to cast doubt on the facts underlying these prior criminal acts. We agree. Only facts that are contested at a sentencing hearing must be established by a preponderance of the evidence. *United States v. Easterling,* 921 F.2d 1073, 1078 (10th Cir.1990), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). When a defendant does not contest the other criminal conduct at sentencing, a district court may rely on the facts in a presentence report. *United States v. O'Dell,* 965 F.2d 937, 938 (10th Cir.1992).

We note that Yates did object to the information contained in the presentence report concerning alleged prior acts of sexual misconduct. Although he argued this point before the district court, Yates failed to present any evidence whatsoever to contradict the Government's information. Indeed Yates' appellate counsel, who also was his trial counsel, acknowledges that he "did not do anything else to controvert" the information contained in the presentence report.[10] Under these circumstances, we cannot say that the district court was clearly erroneous in finding that the 1984 and the 1986 offenses had occurred, as stated in the presentence report. *See United States v. Lee,* 955 F.2d

14, 16 (5th Cir.) (finding commission of similar offenses not prosecuted to conviction, as well as prior convictions and pending criminal charges, provide more than adequate factual bases for district court's upward departure), *cert. denied,* —— U.S. ——, 112 S.Ct. 3010, 120 L.Ed.2d 884 (1992).

### 3.

We turn now to the third and final prong of the *White* test: whether the degree of the upward departure is reasonable. The Government argues that we can affirm the district court's upward departure to criminal history category VI because the ultimate sentence imposed was reasonable. We cannot agree. Although we find sufficient legal and factual bases to support the district court's upward departure, thereby satisfying the first two steps in the *White* analysis, we cannot say that the district court's reliance on an invalid factor (i.e., Yates' three previous convictions for driving under the influence) did not affect the ultimate sentence imposed on Yates by the district court.

▮ When a district court's upward departure is based on both valid and invalid factors "remand is required only if the sentence was 'imposed *as a result of* an incorrect application' of the Guidelines." *Williams,* —— U.S. at ——, 112 S.Ct. at 1120 (quoting 18 U.S.C. § 3742(f)(1)). Yates, having met his burden of showing that the district court relied upon an invalid factor at sentencing, does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision. *Id.* at ——, 112 S.Ct. at 1120. It is for us to decide whether, on the record as a whole, the district court's error "did not affect the district court's selection of the sentence imposed." *Id.* at ——, 112 S.Ct. at 1121 (citing Fed.R.Crim.P. 52(a)).

In order to find a criminal history category VI, a defendant must have at least 13 or more criminal history points. The Government argues that we can affirm the district court's upward departure to criminal history category VI on the ground of reasonableness because the district court could have as-

---

**10.** Yates' counsel concedes that he failed to have Yates execute and file an affidavit denying the acts of sexual assault set forth in the presentence report, and also failed to proffer Yates' testimony to this effect. These concessions are the basis for Yates' ineffective assistance of counsel claim.

signed at least 17 criminal history points to Yates. The Government theorizes that, because Yates' two tribal convictions and the 1984 and 1986 offenses that were never prosecuted each involved forcible rape, Yates could have received sentences of imprisonment exceeding one year and one month for each of these offenses if he had been convicted in state or federal court. Under these circumstances, the district court could have assigned three criminal history points to each of these four offenses, for a total of 12 points. *See* U.S.S.G. § 4A1.1(a).[11] These 12 points, when added to the 5 points calculated at criminal history category III before departure, at least in theory, could justify a departure upward to criminal history category VI. However, neither the Government, nor we, can substitute theoretical concepts for fact or explanation, and, unfortunately, the district court did not articulate or furnish particular findings, nor did it explain how it arrived at a criminal history level of VI.

█ We are thus left to speculate as to the various components and related points which were combined by the district court to raise Yates' criminal history from level III to level VI. On this record, we have no way of knowing whether the district court, in arriving at criminal history category VI, employed the rationale posited by the Government, or whether it gave undue weight to Yates' driving convictions, which we have held could not be used as a factor in calculating the upward departure. Nor have we been informed as to what criminal history points the court attributed to any particular actions of Yates. The failure of the district court to provide us with its precise rationale for its upward departure makes it impossible for us to determine whether the district court's reliance on the invalid factor was harmless. Consequently, we cannot hold with any degree of certainty that the district court, absent the invalid factor, would impose the same sentence upon remand.

To avoid this obstacle to appellate review, we have time and again cautioned district courts to explain their reasoning and to specify the facts or factors upon which they relied in selecting the final sentence offense level for departing upward. *See, e.g., United*

*States v. Kelly*, 1 F.3d 1137, 1144 (10th Cir. 1993); *United States v. Kalady*, 941 F.2d 1090, 1100 (10th Cir.1991); *United States v. St. Julian*, 922 F.2d 563, 567–70 (10th Cir. 1990); *United States v. Jackson*, 921 F.2d 985, 991 (10th Cir.1990); *United States v. Fortenbury*, 917 F.2d at 478; *United States v. Davis*, 912 F.2d 1210, 1215 (10th Cir.1990); *United States v. Gardner*, 905 F.2d 1432, 1435–39 (10th Cir.), *cert. denied*, 498 U.S. 875, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). Despite our repeated instructions that a "district court must specifically articulate reasons for the degree of departure," *Flinn*, 987 F.2d at 1502, the district court in the instant case merely stated the legal and factual bases for its upward departure, without offering any analysis supporting its increase in the level of departure.

We recently discussed the significant problems a reviewing court faces when the district court's proffered justifications for an upward departure fail to explain the steps between departure and imposition of sentence. *See Flinn*, 987 F.2d at 1501–04. In *Flinn*, we stressed that—apart from those extremely narrow and rare circumstances from which an appellate court can *unmistakably* determine the reasonableness of a district court's selection of a particular sentence—the district court must provide a precise explanation of the particular sentence imposed. When the district court fails to do so, we cannot hypothesize as to the reasoning that *might* have been employed by the sentencing court. *Id.* at 1503. Here, of course, as we have stated, Yates' sentence does not reflect the narrow or rare circumstances where we can unmistakably determine the basis of the district court's sentencing decision.

As we have held before, "[m]erely explaining 'why a departure was made does not fulfill the separate requirement of stating the reasons for imposing the particular sentence.'" *Kelly*, 1 F.3d at 1144 (quoting *Flinn*, 987 F.2d at 1502). In *Kelly* and in *Flinn*, we were forced to remand because the district courts had not provided a precise methodology for their respective selections of a particular criminal history category. In *Kelly*, as in the instant case, the district

11. *See, supra,* note 7.

court articulated its reasons for upward departure, but provided no further explanation for the degree of departure. We were also obliged to remand in *Flinn* because the district court had provided nothing more than the following explanation in departing upward: "Based on these findings [aforementioned reasons supporting upward departure], the defendant's criminal history category would be more adequately represented and more similar to those individuals having a criminal history category of IV." 987 F.2d at 1503. In the present case, the district court's explanation for its upward departure was similarly inexplicit: "Based on these findings [aforementioned reasons supporting upward departure], the defendant's criminal history category will be more adequately related more similar to those individuals having a criminal history record of [VI] and an offense level of 20." Here, as in *Kelly* and *Flinn*, the district court failed to furnish a detailed rationale for selecting the particular criminal history level, but relied instead on its initial reasons justifying departure.

■ We are unable to give the deference ordinarily accorded a district court's decision for the degree of departure when the district court does not provide us with its reasoning and its explanation. This is so because a district court's justification for an upward departure does not by itself supply a rationale for the specific degree of departure selected, and we, as a reviewing court, are not able to supply that rationale. Hence, we cannot determine whether Yates' sentence was reasonable, or state with certainty that the same sentence would be imposed by the district court on remand. *See id.* at 1503.

### IV.

Consistent with the directions of the Supreme Court and consistent with our own authorities, we must reverse and remand this case to the district court so that the district court may provide a precise analysis for its selection of criminal history category VI (*see Flinn*, 987 F.2d at 1504)—an analysis which ultimately may result in the imposition of the very same sentence on remand. Whether the same or a different sentence is imposed on Yates after resentencing [12], the district court must state with specificity its reasoning and explanation for the selection of any upward departure. In so doing, the district court must detail the manner by which it arrives at the particular criminal history level factored into its final sentence.

We therefore DISMISS Yates' ineffective assistance of counsel claim without prejudice. We AFFIRM all sentencing determinations by the district court other than the district court's increase in Yates' criminal history level from category III to category VI. In that regard, and in that regard only, we will REVERSE and REMAND for resentencing consistent with this opinion.

---

12. We express no views as to the sentence which the district court may impose. Nor do we express any views regarding criminal history upward departure, or if upward departure is ordered, the number of points to be awarded for each offense, or the increase in level of any such criminal history. These are all matters to be determined by the district court in the first instance.