42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Luis RODRIGUEZ-PAULINO, Defendant, Appellant.
 No. 94-1652
 United States Court of Appeals,
First Circuit.
 Dec. 13, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge ]
 Benito I. Rodriguez Masso on brief for appellant.
 Guillermo Gil, United States Attorney, and Warren Vazquez, Assistant United States Attorney, On Motion Requesting Summary Disposition and Memorandum Of Law for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Luis Rodriguez Paulino, objects to his sentence on the ground of the court's erroneous perception that, in sentencing appellant below the guideline sentencing range, it lacked authority to impose a sentence lower than the sentences imposed on his codefendants.[1]
 
 
 2
 Appellant has only a "very narrow right to appeal." United States v. Soltero-Lopez, 11 F.3d 18, 19 (1st Cir. 1993). This court has ruled on several occasions that "we have no jurisdiction to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity." United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990); United States v. Pomerleau, 923 F.2d 5, 6 (1st Cir. 1991).
 
 
 3
 "The ban on review is not absolute," however. Soltero- Lopez, 11 F.2d at 20. This court has indicated its willingness to review cases where a defendant alleges that the court mistakenly believed it lacked legal authority to depart, United States v. Rivera, 994 F.2d 942, 953 (1st Cir. 1993), or that the court's departure decision exhibited a "fundamental misunderstanding" about how the guidelines work, see Soltero- Lopez, supra, or in other "extraordinary circumstances." See Pomerleau, 923 F.2d at 6.
 
 
 4
 Here, appellant has arguably alleged that the district court believed that, in determining the extent of its departure, it lacked power to impose a sentence below his codefendants' sentences. This court therefore has jurisdiction to review the sentence for evidence of such a misunderstanding of the guidelines. The record, however, does not reveal that the district court suffered from such a misunderstanding. The district court's statements at sentencing and its Sentencing Findings do not indicate that it believed it lacked the legal authority to impose a sentence below the codefendants' sentences. They merely indicate that the district court considered codefendants' sentences to be one relevant factor in arriving at a fair sentence below the guideline sentencing range. This is well within the court's broad discretion. See Pighetti, 898 F.2d at 4 (noting that the extent of a departure is "essentially discretionary"). As in Soltero-Lopez, supra, the record in this case provides scant support for appellant's allegation that the district court misunderstood the guidelines.
 
 
 5
 We have held that "a perceived need to equalize sentencing outcomes for similarly situated codefendants, without more, will not permit a departure from a properly calculated guideline sentencing range." United States v. Wogan, 938 F.2d 1446 (1st Cir. 1991); see also United States v. Carr, 932 F.2d 67, 73 (1st Cir. 1991). That rule, however, does not extend to prohibit a sentencing court from considering codefendants' sentences as one factor in determining the extent of a departure.
 
 
 6
 The sentence is summarily affirmed pursuant to Loc. R. 27.1.
 
 
 
 [1]
 Appellant also contends that the sentence imposed is inconsistent with the court's findings regarding his diminished life expectancy and that home confinement would have been a suitable alternative to imprisonment. We have no jurisdiction to review those claims