# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

**Patrick J. Fisher, Jr.**
**Clerk**

**Elisabeth A. Shumaker**
**Chief Deputy Clerk**

July 30, 1996

TO: ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

RE: 95-7005 USA v. Perry
　　June 26, 1996 by The Honorable Robert H. Henry

　　Please be advised of the following correction to the captioned decision:

　　The parties in the caption are incorrectly identified. The United States is the appellee. Steven Perry is the appellant.

　　Please make the appropriate correction to your copy.

　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　Patrick Fisher, Clerk

　　　　　　　　　　　　　　　　Beth Morris
　　　　　　　　　　　　　　　　Deputy Clerk

# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

**Patrick J. Fisher, Jr.**
**Clerk**

**Elisabeth A. Shumaker**
**Chief Deputy Clerk**

July 24, 1996

TO: ALL RECIPIENTS OF THE CAPTIONED ORDER and JUDGEMENT

RE: 95-7005 USA v. Perry
    June 26, 1996 by the Honorable Robert H. Henry

Please be advised of the following correction to the captioned decision:

On page two of The Honorable Carlos F. Lucero's dissent, the line appearing before the first full paragraph should be deleted. Additionally, on page three, six lines from the bottom of the page, a closing quotation mark should be added after the word remand.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                                      Elisabeth A. Shumaker
Clerk                                                                         Chief Deputy Clerk

July 1, 1996

TO: ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

RE: 95-7005 USA v. Perry
    June 26, 1996 by The Honorable Robert H. Henry

    Please be advised of the following correction to the captioned decision:

    In the first line of page two, the wording "have jurisdiction to consider this appeal under 18 U.S.C. § 3742(a)(2)" should be deleted.

    Please make the appropriate change to your copy.

                                        Very truly yours,

                                        Patrick Fisher, Clerk

                                        Beth Morris
                                        Deputy Clerk

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN PERRY, also known as MONK
PERRY,

      Defendant-Appellant.

Case No. 95-7005

(D.C. CR-94-41-S)
(Eastern District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BALDOCK, HENRY, and LUCERO, Circuit Judges.

---

Steven Perry appeals the district court's denial of the government's motion to

depart downward from the United States Sentencing Guidelines (USSG) pursuant to

USSG § 5K1.1 (Nov. 1995). Mr. Perry contends that the court erred in concluding that it

lacked authority to depart because neither party presented evidence in support of the

government's motion. However, because the record establishes that the district court's

erroneous application of the Guidelines did not affect the sentence imposed, the error was

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

harmless.  We therefore affirm the district court's decision.

# I.  BACKGROUND

A grand jury indicted Mr. Perry and two co-conspirators on one count of conspiring to possess cocaine with the intent to distribute it, a violation of 21 U.S.C. § 846.  Mr. Perrry pleaded guilty, and the presentence report calculated a Guideline range of 292 to 365 months' imprisonment.

Pursuant to USSG § 5K1.1, the government then submitted a motion for downward departure from the Guidelines on the basis of the substantial assistance that Mr. Perry had provided to law enforcement officials.  In its motion, the government explained that Mr. Perry have provided reliable information about the drug operations in which he was involved. Mr. Perry filed a response to the motion in which he further described the assistance that he had provided.

At sentencing, the government indicated that it had no evidence to present but would "stand on the [departure] motion as it has been submitted to the Court."  Rec. vol. V at 2.  Mr. Perry's attorney stated that the government had expressed concern about compromising its investigation by discussing the details of Mr. Perry's assistance but added that "in general terms the Government's motion speaks well to the level of assistance that he has provided.  It has been quite extensive, involving a lot of time and a lot of effort on his part."  Id. at 3.

After hearing the comments of counsel, the district court expressed concern about

the lack of evidence presented:

> If this is an argument you're making, you're making it based on no evidence that I have. There isn't any evidence to substantiate anything which you have told me.
> . . . .
> [N]o one has presented anything to me of any cooperation, except what the Government has had to say and what the lawyers have had to say, and I don't have any evidence of that.

Id. at 4, 6.

The court then announced its ruling on the government's motion:

> [T]here is a motion for departure here by the Government. Whatever they've had in their motion is unsubstantiated. What [Mr. Perry's attorney] has had to say about a couple of other defendants receiving a minimal sentence is, I believe, true. That's what was in the Presentence Report. But we have three defendants here, and it appears that this defendant is the most culpable of all of those. And what happens in these other districts, I don't know how they are charged, how they are sentenced. In my opinion, all of these sentences are far too high, they're ridiculous, but my hands are tied by the sentencing guidelines, unless I can find for a legitimate, legal reason I should depart. And in this case there has been no evidence. There's been a motion by the Government, unsubstantiated by the Government, there has been an argument by the defense, unsubstantiated. And in accordance with [USSG § 5K1.1], the Government has filed a motion to notice the Court that the defendant substantially assisted authorities in the Eastern District with a criminal investigation and prosecution of others . . . .
> The Court recognizes its authority to depart from the provisions of [USSG § 5K1.1], and I have considered the efforts put forth by the defendant to assist the Government, if

3

there have been any such efforts as claimed by the Government in just a bald faced motion. However, of those involved, this defendant bears the highest degree of criminal liability for the conduct charged in the count of conviction. It is for that reason, as well as the nature of the conduct charged, that the Court has determined that a downward departure is not warranted.

I had an order prepared here for departure and one prepared for no departure, but I heard no evidence, I've heard nothing to confirm anything that either side has said. And I have nothing to base a departure on. And, consequently, I think I would be outside the bounds of my authority if I did depart. And even if I weren't outside the bounds of my authority, I don't find any reason at this time that I should, based on what I have heard here, based on what is presented by the Government.

Frankly, I've never had the Government just ask for a departure in a motion and then not try to substantiate it some way, the cooperation of the defendant. That's the first time I've ever had anything like that. I presume, frankly, that the Government wasn't serious about their motion, not to present any more than what they have, so I find that it's not warranted.

Id. at 6-8.

After denying the government's departure motion, the court sentenced Mr. Perry to 292 months' imprisonment, a term at the low end of the Guideline range.

## II. DISCUSSION

On appeal, both Mr. Perry and the government argue that the district court erred in concluding that it lacked the authority to grant the government's departure motion under USSG § 5K1.1 because the parties failed to present evidence. They request us to remand

4

the case for resentencing.

## A.  Jurisdiction

We must first consider whether we have jurisdiction over this appeal.  As the parties note,  this circuit has repeatedly held that it lacks jurisdiction over a district court's discretionary decision to deny a downward departure from the Guidelines.  See United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995); United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994); United States v. Fitzherbert, 13 F.3d 340, 344 (10th Cir. 1993), cert. denied, 114 S. Ct. 1627 (1994); United States v. Davis, 900 F.2d 1524, 1528-30 (10th Cir.), cert denied, 498 U.S. 856 (1990); United States v. Lowden, 900 F.2d 213, 217 (10th Cir.), appeal decided, 905 F.2d 1448, cert denied, 498 U.S. 876 (1990). However, pursuant to 18 U.S.C. § 3742(a)(2), we do have jurisdiction to review a sentence "imposed as a result of an incorrect application of the sentencing guidelines." See 18 U.S.C. § 3742(a)(2).

Accordingly, if a district court denies a motion for downward departure on the grounds that it lacks authority to do so, we have jurisdiction to review its decision.  See United States v. Maldonado-Campos, 920 F.2d 714, 718 (10th Cir. 1990); United States v. Spedalieri, 910 F.2d 707, 710 (10th Cir. 1990); Lowden, 900 F.2d at 217.  When a district court erroneously concludes that it lacks authority to depart, it has "misunderstood how the guidelines--including the statutes and guidelines governing departure--are

5

supposed to work." See United States v. Soltero-Lopez, 11 F.3d 18, 20 (1st Cir. 1993) (Breyer, C. J.).

It is often difficult to determine whether the denial of a motion for departure constitutes an exercise of discretion or is based on the conclusion that the court lacks the authority to depart. See United States v. Haggerty, 4 F.3d 901, 904 (10th Cir. 1993). However, in light of the courts' growing familiarity with the Guidelines, "we no longer are willing to assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart." Rodriguez, 30 F.3d at 1319. In order for a departure decision to be reviewable, the judge must unambiguously state that he or she lacks the authority to depart. Id. "Absent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines, we will not review the denial of a downward departure." Id.; see also United States v. Garcia, 919 F.2d 1478, 1481-82 (10th Cir. 1990).

In the instant case, the district court made several statements about its authority to depart downward. Citing § 5K1.1, the court said that it recognized its authority to depart downward under that section. Rec vol. V at 7. However, shortly thereafter, the court said, "I heard no evidence, I've heard nothing to confirm anything that either side has said. And I have nothing to base a departure on. And, consequently, I would be outside the bounds of my authority it I did depart." Id. Finally, the court observed that it had never encountered a § 5K1.1 motion that the government had not supported with

6

evidence. It stated, "I presume, frankly, that the Government wasn't serious about their motion, not to present any more than what they have, so I find that it's not warranted." Id. at 7-8.

In resolving the jurisdictional question, we must determine whether these statements indicate that the court denied the government's motion to depart as an exercise of discretion or because it thought it lacked authority. Rather than focusing on individual comments, we consider the court's statements as a whole. See United States v. Morrison, 46 F.3d 127, 130-31 (1st Cir. 1995); United States v. Sanders, 18 F.3d 1488, 1491 n.3 (10th Cir.1994); United States v. Braimah, 3 F.3d 609, 612 (2d Cir. 1993).

Viewing its statements in this manner, we conclude that the district court did not believe that it had the authority to grant the government's motion. Although the court said that it "recognized its authority to depart under [§ ] 5K1.1," it did not connect that general statement to the particular circumstances before it--that the government had filed a motion for departure under § 5K1.1 but that the parties had not presented evidence in support of the motion. Thus, the court's remark about its authority to depart is best read as a statement of an undisputed, and very general proposition: that § 5K1.1 authorizes downward departure in certain circumstances.

However, when it focused on the circumstances actually before it, the court expressly said that the lack of evidence meant that it would be "outside the bounds of my

authority if I did depart." See Rec. vol. V at 7.  The court read § 5K1.1 to require the presentation of evidence and applied that interpretation to the case at hand.  It reached a conclusion about "how the guidelines . . . are supposed to work," see Soltero-Lopez, 11 F.3d at 20, that we have jurisdiction to review.

This conclusion is supported by consideration of the contrary view.  If a sentencing judge's general statement that § 5K1.1 authorizes downward departure was sufficient to establish that we lack jurisdiction, then, in contravention of 18 U.S.C. § 3742(a)(2), concrete errors in interpreting the Guidelines would be insulated from appellate review. For example, if a judge stated that he recognized his authority to depart under § 5K1.1 but added that he was refusing to depart because § 5K1.1 did not allow departure when the crime involved drugs, when the statute that the defendant violated was divisible by three, or when the sentencing hearing was conducted on a Tuesday, we would clearly have jurisdiction under § 3742(a)(2) to consider the case and correct such clear legal errors.  The instant case is analogous.   Although the district court did not commit such an obvious error, it did interpret a Guideline provision in a manner that the parties argue is incorrect.

We also note that our exercise of jurisdiction is supported by several decisions concerning the proper construction of § 5K1.1.  In United States v. Romolo, 937 F.2d 20 (1st Cir. 1991), the court concluded that "an appeal will lie to test whether, under U.S.S.G. §  5K1.1, a district court possesses statutory authority to depart downward in the

8

absence of a prosecution motion." Id. at 23; see also United States v. Gonzales, 927 F.2d 139, 145 n.4 (3d Cir. 1991) (exercising "plenary review" in affirming a district court's refusal to depart under § 5K1.1 in the absence of a government motion). The question before us is similar to the question considered by Romolo and Gonzales: instead of the absence of a motion by the government, it involves the absence of evidence presented by the parties.

We therefore conclude that we have jurisdiction over this appeal.

B. The failure to present evidence does not preclude departure under USSG § 5K1.1.

USSG § 5K1.1 provides, "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." In the absence of a government motion, the sentencing court is not authorized to depart. United States v. Gines, 964 F.2d 972, 978 (10th Cir. 1992), cert. denied, 506 U.S. 1069 (1993); see also United States v. Spears, 965 F.2d 262, 281 (7th Cir.), cert. denied, 506 U.S. 989 (1993); Romolo, 937 F.2d at 23; Gonzales, 927 F.2d at 145. However, neither the language of § 5K1.1 nor the accompanying commentary supports the district court's view that the parties must present evidence in order for departure to be authorized.[1]

---

[1]    The commentary does provide that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." USSG § 5K1.1, comment. (n.3).

9

Similarly, 18 U.S.C. § 3553(e) authorizes the court to impose a sentence below the statutory minimum "[u]pon motion of the government." However, § 3553(e), like § 5K1.1, does not require the presentation of evidence.

Additionally, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may review and consider for the purpose of imposing an appropriate sentence." In light of the fact that USSG § 5K1.1 and 18 U.S.C.§ 3553(e) expressly require the filing of a motion but not the presentation of evidence, and in light of the broad range of information that sentencing courts may consider pursuant to 18 U.S.C. § 3661, a sentencing court is not precluded from departing downward under § 5K1.1 if the government files a motion but the parties do not present evidence.

Accordingly, the district court erred in concluding that it lacked the authority to grant the government's motion and depart downward pursuant to USSG § 5K1.1.

## C.  Harmless Error

The fact that the district court applied USSG § 5K1.1 incorrectly does not end our inquiry. In Williams v United States, 503 U.S. 193 (1992), the Supreme Court held that "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that

10

the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." Id. at 203. In the instant case, the record indicates that, even if the district court had not read § 5K1.1 to require the presentation of evidence, the court still would have denied the government's motion for departure. The court expressly stated, "[E]ven if I weren't outside the bounds of my authority, I don't find any reason at this time that I should [depart], based on what I have heard here, based on what is presented by the Government." Rec. vol. V at 7.

When the sentencing judge expressly states that he or she would impose the same sentence even in the absence of the disputed interpretation or calculation under the Guidelines, courts have frequently found the error harmless and affirmed the defendant's sentence. See United States v. Jackson, 32 F.3d 1101, 1110 (7th Cir. 1994) ("When the trial court acknowledges a potential overlap and expressly states that the same sentence would be imposed under either range there can be little doubt that any error in choosing between the ranges was harmless."); see also United States v. Urbanek, 930 F.2d 1512, 1515-16 (10th Cir. 1991); United States v. White; 875 F.2d 427, 432-33 (4th Cir. 1989); United States v. Bermingham, 855 F.2d 925, 931-36 (2d Cir. 1988). Here, the district court made such a statement, and its erroneous interpretation of USSG § 5K1.1 to require the presentation of evidence was therefore harmless.

I do share some of Judge Lucero's concern about the district court's final statement in ruling on the government's departure motion--that it "presume[d], frankly,

that the Government wasn't serious about their motion, not to present any more than what they have." Rec. vol. V at 7-8. One possible interpretation of that statement is that, in the absence of the erroneous presumption (that the government was not serious about its motion because it did not present evidence), the court would have departed downward. However, to make that interpretation, one must completely discount what the court said three sentences before--that it would not depart even if it thought it had the authority to do so. In my view, we must interpret the court's remarks as a whole, and we need not read them as internally inconsistent unless the language used by the court compels us to do so. See Morrison, 46 F.3d at 131; Sanders 18 F.3d at 1491 n.3. I find it significant that at no point during its ruling on the government's motion for departure did the district court withdraw or directly contradict the statement that it would not depart even if it was not "outside the bounds" of its authority. See Rec. doc. V at 7. Accordingly, I do not think that the court's final remarks can be reasonably read to override the court's prior statement that it would have denied the government's departure motion even if it thought it had the authority to depart on the basis of the statements in the parties' briefs.

## III. CONCLUSION

In light of Judge Lucero's partial concurrence and partial dissent and Judge Baldock's dissent, the court is equally divided as to the outcome: I would affirm the decision of the district court, Judge Lucero would remand for resentencing, and Judge

12

Baldock would dismiss the case for lack of jurisdiction.

Accordingly, the judgment of the district is affirmed by an equally divided court.

Entered for the Court,


Robert H. Henry
Circuit Judge

<u>United States v. Perry</u>, No. 95-7005.
BALDOCK, J., Circuit Judge, dissenting.

I agree that once the government submits a motion requesting downward departure under § 5K1.1, the district court acquires the authority to depart, regardless of whether the parties support the motion with evidence. <u>See</u> U.S.S.G. § 5K1.1 ("<u>Upon motion of the government</u> stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.") (emphasis added). Nonetheless, I cannot agree with the majority that we have jurisdiction over the instant appeal. Contrary to the majority's conclusion, the record reflects the district court was aware of its authority to depart downward under U.S.S.G. § 5K1.1, and exercised its discretion not to do so.

Under settled circuit authority, we "lack[] jurisdiction to review a district court's discretionary refusal to grant a downward departure, including a refusal after a government motion pursuant to § 5K1.1." <u>United States v. Fitzherbert</u>, 13 F.3d 340, 344 (10th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S. Ct. 1627 (1994). "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." <u>United States v. Nelson</u>, 54 F.3d 1540, 1544 (10th Cir. 1995). "Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." <u>United States v. Rodriquez</u>, 30 F.3d 1318, 1319 (10th Cir. 1994).

In the instant case, the district court stated it knew it could depart downward from

the guidelines, and gave reasons for declining to do so:

> The Court recognizes its authority to depart from the provisions of U.S.S.G., Section 5(k)1.1, and I have considered the efforts put forth by the defendant to assist the Government, if there have been any such efforts as claimed by the Government in just a bald faced motion. However, of those involved, this defendant bears the highest degree of criminal liability for conduct charged in the count of conviction. It is for that reason, as well as the nature of the conduct charged, that the Court has determined that a downward departure is not warranted.

At the appellate level, all we have to go on is what the district court says. Contrary to the majority's conclusion, the court did not state the very general proposition "that § 5K1.1 authorizes downward departure in certain circumstances." Instead, the court stated that "[t]he Court recognizes its authority to depart from the provisions of U.S.S.G., Section 5(k)1.1." The court's unambiguous statement that it was aware of its departure authority deprives us of jurisdiction over this appeal. Fitzherbert, 13 F.3d at 344.

True, the court made other statements at the sentencing hearing that, when considered out of context, seem to suggest that the district court was unaware of its departure authority. For example, the court stated:

> I had an order prepared here for departure and one prepared for no departure, but I heard no evidence, I've heard nothing to confirm anything that either side has said. And I have nothing to base a departure on. And, consequently, I think I would be outside the bounds of my authority if I did depart. And, even if I weren't outside the bounds of my authority, I don't find any reason at this time that I should, based on what I have heard here, based on what is presented by the Government.

In the face of the court's unambiguous statement that it knew it could depart, however, the above statement reflects instead that the government and Defendant simply did not persuade the court that a downward departure was warranted under the circumstances of

2

this case.  At best, statements like the above make the record ambiguous.  Even assuming the record is ambiguous, however, binding precedent requires us to presume the court was aware of its departure authority.  Nelson, 54 F.3d at 1544.

This is not a case where the district court misapplied the guidelines.  Instead, the court acknowledged it could depart, and gave reasons for declining to do so.  Under settled precedent, we lack jurisdiction over the instant appeal, Fitzherbert, 13 F.3d at 344, and the case should be dismissed.  I dissent.

95-7005, United States v. Perry

**LUCERO**, Circuit Judge, Concurring in part and Dissenting in part:

I agree with Judge Henry that we have jurisdiction under the facts in this case. I dissent only to note my disagreement with his conclusion that the district court's erroneous interpretation of the Guidelines was harmless. While my colleagues and I fail to come to unanimity on the analysis and outcome of this case, upon one proposition we do all agree: The sentencing transcript contains considerable contradiction.

The district court erroneously thought that it lacked authority to depart from the Guidelines under § 5K1.1 when the parties failed to submit evidence in support of departure. Williams v. United States, 503 U.S. 193 (1992), holds that "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." Id. at 203. Williams places the burden of "persuad[ing] the court of appeals that the district court would have imposed the same sentence absent the erroneous factor" on "the party defending the sentence." Id. In this case, neither party defends the sentence.

This circuit, in United States v. Yates, 22 F.3d 981 (10th Cir. 1994), found it impossible to determine whether the district court's reliance on an invalid factor to upward depart from the guidelines was harmless. Id. at 990. In Yates, the district court

did not "provide . . . its precise rationale," and we refused to speculate about the reasons for the departure.  Id.  We remanded because we lacked "any degree of certainty that the district court, absent the invalid factor, would impose the same sentence upon remand." Id. (emphasis added).

Other circuits have also required some measure of certainty that the district court would have imposed the same sentence, absent the improper application of the Guidelines.  See  United States v. Robinson, 63 F.3d 889, 891 (9th Cir. 1995) (remanding for resentencing where district court did not "clearly indicate" whether same sentence would have been imposed, absent the improper factor); United States v. Kendrick, 22 F.3d 1066, 1069 (11th Cir. 1994) (requiring remand for resentencing if reviewing court cannot say "with certainty" that "improper factors did not affect or influence" the sentence); United States v. Jackson, 32 F.3d 1101, 1110 (7th Cir. 1994) (remanding "to avoid unnecessary speculation" about whether district court would impose same sentence, absent improper factor); United States v. Hernandez Coplin, 24 F.3d 312, 321 (1st Cir.) (remanding because not "confident that the mistake was harmless"), cert. denied, 115 S. Ct. 378 (1994); United States v. Molina, 952 F.2d 514, 520 (D.C. Cir. 1992) (requiring remand unless reviewing court has "definite and firm conviction" that district court would impose same sentence).

It is the inquiry whether the same sentence should have been imposed absent the improper application of the Guidelines that presents the point of disagreement between Judge Henry and me in this case.  The district court did state that it would not depart even

2

if it had authority.  However, the court explained:

> I think I would be outside the bounds of my authority if I did depart.  And, even if I weren't outside the bounds of my authority, I don't find any reason at this time that I should [depart], based on what I have <u>heard</u> here, based on what is presented by the Government.  Frankly, I've never had the Government just ask for a departure in a motion and then not try to substantiate it some way, the cooperation of the defendant.  That's the first time I've ever had anything like that.  I presume, frankly, that the Government wasn't serious about their motion, not to present any more than what they have, so I find that [departure is] not warranted.

Sentencing Tr. at 7-8 (emphasis supplied).  Distilled to the fundamental, the district court's comment indicates that one factor in its decision not to depart was its mistaken belief that the government must present evidence in support of its § 5K1.1 motion for departure.  Thus, one of the reasons that the district court gave for not departing was the same reason which caused it to conclude that it lacked authority to depart -- a lack of evidence advanced by the government supporting departure.  The court's analysis is remarkably circuitous and leaves me with no "degree of certainty that the district court, absent the invalid factor,  would impose the same sentence upon remand." <u>Yates</u>, 22 F.3d at 990.

I would remand for reconsideration of the downward departure motion in light of our ruling on appeal.  A remand is particularly appropriate in this case, given the government's explanation at oral argument that an open discussion of Mr. Perry's cooperation at sentencing would have jeopardized ongoing prosecutions made possible by Mr. Perry's cooperation, and the government's open concession that an injustice resulted

3

from the district court's failure to seriously consider the downward departure motion.

Incarceration of Mr. Perry for a potentially longer term than warranted, had the district court known the proper standard at the time of sentencing, is not harmless. We need not speculate about what the district court really meant. It would impose but a minor burden on the judicial system to ask the district court to consider on remand whether its initial sentence was correct.