48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joey Clyde ALLEN, Defendant-Appellant.
 No. 94-2089.
(D.C. No. CR 93-577 JB)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 Before SEYMOUR, Chief Judge, and MCKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Joey Clyde Allen directly appeals the district court's judgment against him, which was entered after he pled guilty pursuant to an agreement with the United States Attorney's office. Under the agreement, Mr. Allen pled guilty to four counts related to sexual abuse of minors, and in exchange the United States Attorney agreed to request dismissal of five remaining counts. The district court accepted the plea agreement and sentenced Mr. Allen to a term of 120 months imprisonment for Count I, and 121 months imprisonment for each of Counts II-IV, ordering that the sentences run concurrently.
 
 
 3
 On appeal, Mr. Allen argues that his plea was not knowingly, intelligently, and voluntarily made, because his attorney allegedly failed to interview witnesses in the case and "essentially ... coerced" him into pleading guilty. Mr. Allen's appellate counsel correctly notes that "a claim of ineffective assistance of counsel which requires the development of a record, will not be heard on direct appeal, but must be brought in a collateral proceeding pursuant to 28 U.S.C. 2255." United States v. Yates, 22 F.3d 981, 986 (10th Cir.1994) (citing Beaulieu v. United States, 930 F.2d 805, 808 (10th Cir.1991)). Because the defendant did not raise the issue of ineffective assistance of counsel in the district court, there is a total absence of any satisfactory record in this case with which this court can review this claim. We are therefore somewhat bewildered that defense counsel chose to pursue this claim in a direct appeal.
 
 
 4
 Following the precedent cited by the defendant, we accordingly DISMISS the appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)