**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID DEWAYNE SHORES,

Defendant - Appellant.

No. 01-6375
(D.C. No. 01-CR-80-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

In this direct criminal appeal, David Dewayne Shores argues that the

district court erred in departing from the sentencing range recommended by the

Sentencing Guidelines Manual. We have jurisdiction pursuant to 18 U.S.C.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 3742(a)(2) and 28 U.S.C. § 1291. Because we conclude that the district court did not abuse its discretion, we affirm.

**I**

In February, March, and April of 2001, Shores committed five unarmed bank robberies in Oklahoma City, Oklahoma. In each instance, Shores would enter the bank, approach the teller, and demand money while suggesting that he had a gun. He was arrested in early April 2001 and indicted for unarmed robbery of five federally insured banks in violation of 18 U.S.C. § 2113(a). Shores waived his right to a jury trial and pled guilty to all five counts of the indictment. He did not enter into a plea agreement and retains all statutory rights of appeal. The district court sentenced him to 188 months' imprisonment.

To arrive at its sentence, the court departed upward from criminal history category VI, offense level 26, to criminal history category VI, offense level 29, reasoning that the guidelines computation did not adequately reflect the seriousness of Shores's past criminal conduct and that an upward departure was necessary. Specifically, the court decided that a number of prior convictions—for burglary, possession of marijuana, possession of barbiturates, unlawful delivery of a controlled drug, unlawful distribution of a controlled substance, larceny of a controlled dangerous substance, assault and battery with a dangerous weapon, and endangering a child—that were not considered in the criminal history computation

merited the upward departure. Without the upward departure, Shores's guideline range would have been 120 to 150 months. Shores objected to this exercise of the district court's discretion and on appeal seeks to have the upward departure reversed.

**II**

Under the sentencing guidelines, "stale" prior sentences are ordinarily excluded from calculation of a defendant's criminal history category. See U.S.S.G. § 4A1.2(e)(1), (3) (excluding from the calculation of a defendant's criminal history category all sentences exceeding thirteen months if those sentences were not imposed within fifteen years of the commencement of the instant offense); id. § 4A1.2(e)(2), (3) (excluding from the calculation any other prior sentence that was not imposed within ten years of the instant offense). However, the guidelines specifically contemplate upward departure from an otherwise applicable guideline range "if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. A factor relevant for upward departure is the existence of "prior sentence(s) not used in computing the criminal history category." Id. § 4A1.3(a); see also id. § 4A1.2, cmt. n.8 ("If the court finds that a sentence imposed outside this time period is evidence of similar, or serious

dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category).").

To determine whether the district court abused its discretion in departing from the guidelines, we evaluate:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997).  Although we need not defer to the district court's resolution of the first question because it is primarily a legal issue, all four steps of this departure-review analysis are subject to a "unitary abuse of discretion standard."  Id.

Whether a factual circumstance supporting a departure is a permissible departure factor is a legal question, and we need not defer to the district court on this point.  Koon v. United States, 518 U.S. 81, 100 (1996); Collins, 122 F.3d at 1303.  The guidelines specifically encourage departure where a defendant's criminal history category does not adequately reflect the seriousness of his past conduct or the likelihood that the defendant will commit other crimes.  U.S.S.G. § 4A1.3.  We have held that reliance upon the enumerated departure factors of

- 4 -

§ 4A1.3 is permissible.  United States v. Bartsma, 198 F.3d 1191, 1196 (10th Cir. 1999) (holding that a set of stale prior sentences is a permissible departure factor).  Thus, the district court's decision to depart was based upon permissible factors.

We must give "substantial deference" to the district court's resolution of the second question—whether the departure factors it relied upon remove the defendant from the applicable guideline's heartland under the facts of the case.  Collins, 122 F.3d at 1303.  Applicable guidelines state that "[t]he court may . . . conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category."  U.S.S.G. § 4A1.3.  Given Shores's multiple uncounted convictions for a range of serious conduct including two crimes of violence, we conclude that the district court has not exceeded the bounds of permissible choice in finding that Shores's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit other crimes.

Whether the record sufficiently supports the factual basis underlying the departure is a question we review for clear error.  See United States v. Maldonado-Campos, 920 F.2d 714, 720 (10th Cir. 1990); see also United States v. Talk, 158 F.3d 1064, 1071 (10th Cir. 1998) (noting that the clear-error standard articulated in Maldonado-Campos is unaltered by Koon).  Shores did not contest

the facts of his prior convictions at his sentencing hearing. Thus, it was not clear error for the district court to rely on them. See United States v. Yates, 22 F.3d 981, 989 (10th Cir. 1994) (noting that only facts that are contested during the sentencing hearing must be established by a preponderance of the evidence).

In making a determination as to the final question, whether the degree of departure is reasonable,

> we consider the district court's reasons for imposing the particular sentence together with factors such as: "the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities."

Collins, 122 F.3d at 1308–09 (quoting United States v. White, 893 F.2d 276, 278 (10th Cir. 1990)). In calibrating the degree of departure, a district court must provide an explanation that does more than "restate the justification for the upward departure." United States v. Whiteskunk, 162 F.3d 1244, 1254 (10th Cir. 1998). Rather, it must employ a "reasonable methodology hitched to the sentencing Guidelines, including extrapolation from or analogy to the Guidelines." Collins, 122 F.3d at 1309 (quotations omitted). The district court noted that Shores would have eleven additional criminal history points if the stale convictions were countable. It reasoned that given Shores's time-barred career-offender qualifying felony convictions, the career-offender sentencing guidelines more adequately reflected an appropriate offense level. The court also noted the

gravity of Shores's criminal conduct as well as the need to deter others and prevent criminal victimization. Thus, in arriving at the sentence, the district court took account of the sentencing pattern and policies of the guidelines and reached a reasonable determination in light of the factual circumstances presented to it. We conclude that the district court's rationale and conclusions were reasonable.

## III

Shores's sentence is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge